IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamells E. Floyd, #242830, | ) | C/A No.: 1:10-77-HFF-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

  Petitioner Jamells E. Floyd is an inmate in the South Carolina Department of Corrections serving a negotiated 15-year sentence of imprisonment on, inter alia, certain drug offenses. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which came before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #12, #13]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #14].

  Prior to the time his response was due, Petitioner filed a letter indicating that he does not wish to pursue his case any further and requesting that the court terminate the case. [Entry #18]. The Clerk of Court docketed the letter as a Motion to Voluntarily Dismiss the case. Respondent filed a response to Petitioner's motion, requesting that the

court dismiss the case with prejudice to prevent him from unduly benefitting from the filing of his motion to dismiss. [Entry #20].

This habeas action is subject to the Rules Governing Section 2254 Cases (Habeas). Habeas Rule 12 provides that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Under Fed. R. Civ. P. 41(a)(2), the court may dismiss an action at the plaintiff's request by court order, on terms that the court considers proper. The rule provides that unless the order states otherwise, a dismissal under Fed. R. Civ. P. 41(a)(2) is without prejudice.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the court grant Petitioner's motion to voluntarily dismiss the case without prejudice and deem moot Respondent's motion for summary judgment. While the undersigned's recommendation is that the court dismiss the case without prejudice, Petitioner is advised that any such characterization is not necessarily determinative of the court's treatment of any subsequent petition he may file. Further, Petitioner is advised that dismissal of the instant case may cause his claims to be barred from consideration on a subsequent petition because of the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

IT IS SO RECOMMENDED.

January 5, 2011                                         Shiva V. Hodges
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**