

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| JAMELLS E. FLOYD,           §  | |
|     Petitioner,           § | |
| § | |
| vs.           § | CIVIL ACTION NO. 1:10-00077-HFF-SVH |
| § | |
| WARDEN, PERRY CORRECTIONAL     § | |
| INSTITUTION,           § | |
|     Respondent.           § | |

## ORDER

    This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's motion to dismiss the case voluntarily be granted without prejudice and Respondent's motion for summary judgment be mooted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 5, 2011, and Respondent filed its objections to the Report on January 24, 2011. Petitioner did not file any objections.

Respondent objects to the Magistrate Judge's recommendation that the dismissal of the action be without prejudice. Noting that the "claims are ripe for adjudication," Respondent contends that dismissal should be with prejudice because, as outlined in Respondent's motion for summary judgment, "[a]ll of [Petitioner's] claims are without merit, and most are subject to procedural bars." Moreover, Respondent notes that "any future habeas petition filed by Petitioner would be subject to the AEDPA one-year statute of limitations." Finally, Respondent asserts that dismissal should be with prejudice because Petitioner failed to provide an adequate explanation for why dismissal should be without prejudice and because Respondent has a summary judgment motion pending.

Federal Rule of Civil Procedure 41(a)(2) applies when a plaintiff files a motion for voluntary dismissal after the opposing party files an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a). Rule 41(a)(2) allows the court to dismiss the action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). It is well-settled that "[a] plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). In determining whether to dismiss an action with prejudice or without prejudice under Rule 41(a)(2), a district court should consider the following factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending." *Hobbs v. Kroger Co.*, No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999).

After reviewing the record, the Court fails to see any substantial prejudice that Respondent would suffer from dismissing the case without prejudice. Respondent's objections lack any suggestion of prejudice that it would suffer if the case is dismissed without prejudice. Respondent does not indicate that it has incurred considerable expense or expended great effort in preparing for the case. Also, Movant moved to dismiss the case voluntarily within three months of filing the petition and less than a month after Respondent filed its motion for summary judgment. The Court is of the opinion that this does not constitute excessive delay or lack of diligence. Respondent does acknowledge that it has filed a motion for summary judgment, but a motion for summary judgment alone cannot serve as a basis for refusing to dismiss without prejudice, *see Andes*, 788 F.2d at 1036 n.4 ( "Since Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice."). Although Petitioner's reason for wanting to dismiss the petition—that he has given up on and lost faith in the legal system—presents an insufficient need for dismissal, the Court is still of the opinion that, absent any prejudice to Respondent, there is no reason to dismiss the petition with prejudice. Accordingly, the Court agrees with the Magistrate Judge that the petition should be dismissed without prejudice.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Respondent's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's motion to dismiss the petition voluntarily be **GRANTED** and the petition be **DISMISSED** *without prejudice*. Thus, Respondent's motion for summary judgment is hereby deemed **MOOT**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 27th day of January, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.